IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| LATONYA DENISE TUCKER,<br>Plaintiff,<br><br>v.<br><br>FOOD LION, LLC, *et al.*,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 3:25CV376 (RCY) |

**MEMORANDUM OPINION**

This is a civil rights and state law tort action brought by Plaintiff LaTonya Denise Tucker ("Plaintiff"), wherein Plaintiff alleges several Food Lion employees assaulted her and discriminated against her during an altercation at the Food Lion store located at 216 Market Drive, Emporia, Virginia on September 10, 2024. This matter is before the Court on Defendants Food Lion, LLC ("Food Lion") and John Doe Employees 1-4's (collectively "Defendants") Motion to Dismiss (ECF No. 13), filed pursuant to Federal Rule of Civil Procedure 12(b)(6), seeking dismissal of all Counts in the Amended Complaint for failure to state a claim. For the reasons stated below the Court will grant in part Defendants' Motion to Dismiss and *sua sponte* dismiss the remainder of Plaintiff's claims.

## I. PROCEDURAL HISTORY

On May 19, 2025, Plaintiff filed a Motion for Leave to Proceed *in forma pauperis* ("IFP Motion"). ECF No. 1. On November 4, 2025, the Court granted Plaintiff's IPF Motion and, after conducting screening pursuant to 28 U.S.C. § 1915(e)(2), dismissed the Complaint and ordered Plaintiff to file an amended complaint that, *inter alia*, "clearly articulated the basis for this Court to exercise jurisdiction." ECF No. 2 at 3. On November 12, 2025, Plaintiff filed her Amended Complaint, Am. Compl., ECF No. 6, which the Court accepted and ordered served on Defendants. On December 22, 2025, Defendants filed their Motion to Dismiss for Failure to State a Claim and

accompanying Memorandum in Support. ECF Nos. 13, 14. The Clerk mailed a Roseboro Notice to Plaintiff on December 23, 2025. ECF No. 16. On December 29, 2025, Plaintiff filed her Opposition to Defendants' Motion to Dismiss. ECF No. 18. Defendants did not file a reply to Plaintiff's Opposition. The motion is accordingly ripe for review.

## II. ANALYSIS

### A. Counts Five, Six, Seven, and Eight are Dismissed Based on Plaintiff's Consent

As an initial matter, Plaintiff does not dispute the dismissal of her Americans with Disabilities Act claim, her "Civil Rights Violations" claims,[1] her Virginia Human Rights Act claim, and her claims for "Violations of Virginia Code §§ 8.01-428, 44-4, and 51.5-40." Pl.'s Opp'n 3, ECF No. 18. These amount to Counts Five, Six, Seven, and Eight in the operative Amended Complaint. *See* Am. Compl. 4–5, ECF No. 6. Accordingly, the Court finds dismissal of these Counts appropriate, *see Abdelbaki v. N. Va. Cmty. Coll.*, 2022 WL 811296, at *4 (E.D. Va. Mar. 16, 2022) (finding dismissal of count was appropriate because the plaintiff did not oppose its dismissal), and so GRANTS Defendants' Motion to Dismiss as to Counts Five, Six, Seven, and Eight.

### B. *Sua Sponte* Dismissal of the Remainder of Plaintiff's Claims

In the Amended Complaint, Plaintiff asserted that this Court had jurisdiction over the controversy pursuant to 28 U.S.C. § 1331.[2] Am. Compl. 1, ECF No. 6. Because Plaintiff asserted various federal causes of action, jurisdiction was—at least facially—indeed appropriate, including

[1] In the parenthetical elaborating on the claim for "Civil Rights Violations" for which she does not contest dismissal, Plaintiff only lists "42 U.S.C. §§ 1981, 1983, and Title VII." Pl.'s Opp'n 3. This omits 42 U.S.C. § 2000a, which otherwise appears as a component of Plaintiff's "Violation of Civil Rights" claim, Count VI. *See* Am. Compl. 4; *see also* Mem. Supp. Mot. Dismiss 8, ECF No. 14 (seeking collective dismissal of Plaintiff's claim for "Violation of Civil Rights under 42 U.S.C. §§ 1981, 1983, 2000a, and Title VII). Because Plaintiff otherwise provides substantive argument supporting the claims as to which she does *not* consent to dismissal, *see* Pl.'s Opp'n 3–5, and Title II (42 U.S.C. § 2000a) does not appear among those claims, the Court construes Plaintiff's consent to the dismissal of Count VI, her "Civil Rights Violations" claim, to include dismissal of her Title II claim, notwithstanding the lack of direct reference to the same.

[2] Providing that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

over Plaintiff's related state-law claims in Counts One, Two, Three, and Four. 28 U.S.C. § 1367.[3] However, having now dismissed Plaintiff's federal claims, the Court finds it appropriate to examine whether it should continue to exercise supplemental jurisdiction over the remaining state law claims, absent another apparent source of federal jurisdiction.[4] *See Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 31–32 (2025) ("[28 U.S.C. § 1367(c)] provides that a district court 'may decline to exercise supplemental jurisdiction' . . . if the district court 'has dismissed all claims over which it has original jurisdiction' . . . the court may (and indeed, ordinarily should) kick the case to state court.").

After consideration of the relevant factors, the Court is disinclined to continue to exercise supplemental jurisdiction over the remaining claims. *See Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995) ("Among the factors that inform this discretionary determination are convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy."). Specifically, the remainder of Plaintiff's claims implicate no issues of federal policy, and the present judicial economy would best be served by dismissal of this suit, for Plaintiff to pursue her claims in state court. Accordingly, the Court *sua sponte* DISMISSES the remainder of Plaintiff's claims—all of which are predicated on state law—for lack of a remaining jurisdictional hook. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). This dismissal is, necessarily, WITHOUT PREJUDICE. Fed. R. Civ. P. 41(b).

---

[3] Providing in relevant part that, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367.

[4] As an alternative to jurisdiction predicated on 28 U.S.C. § 1331, which requires some federal law hook, federal courts may hear claims predicated entirely on state law only if the parties are citizens of different states (i.e., "complete diversity" exists) and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Facts sufficient to support this iteration of jurisdiction are not apparent on the face of the Amended Complaint, however. *See, e.g., Axel Johnson, Inc. v. Carroll Carolina Oil Co.*, 145 F.3d 660, 663 (4th Cir. 1998) (affirming the district court's dismissal for lack of subject matter jurisdiction after "[a]n examination of the pleadings and record . . . revealed to counsel and this court that [the plaintiff] had not only failed to plead diversity jurisdiction, but that it had also failed to plead facts from which the existence of such jurisdiction could properly be inferred").

## III. CONCLUSION

For the forgoing reasons, the Court accepts the uncontested dismissal of Plaintiff's federal claims and, subsequently lacking any source of original jurisdiction, *sua sponte* dismisses Plaintiff's state law claims, to be pursued in state court or otherwise in an action where the requirements of 28 U.S.C. § 1332 are satisfied.

An appropriate Order will issue.

/s/ RCY
Roderick C. Young
United States District Judge

Date: September 14, 2026
Richmond, Virginia